Reynolds, J.
The agreement designated in the ease as defendant’s Exhibit No. 2, and the five notes therein provided for (of which the note in suit is one), were all executed together, or, at all events, were part of one scheme, and constituted one entire contract. The notes were executed by Kelly on behalf of himself and his co-defendants in the actions named in said agreement, and were accepted by the plaintiffs in said actions as the notes called for by said agreement. It was provided that when $3,000 should be paid, as' specified in the paper, Exhibit No. 2, the plaintiffs in those.actions should execute and deliver to the defendants a certain release. In fact, $4,000 were paid, to wit: the sum of $500 in cash on the execution of the agreement, and the first three notes ; but the plaintiffs never delivered to the defendants the release called for by the .contract. The defendants had proceeded, by successive steps, in the execution of the contract on their part, till it became the duty of the plaintiffs on their side to do certain things, among which was the execution and delivery, or tender, of the release.' This they failed to do, and thus broke the contract. While they are thus in default they can not call upon the ' defendants to go on with the further execution of the contract on their part. The parties agreed that the delivery of the release should precede the payment of the last $3,000. The agreement was perfectly legal, and as the parties have chosen to make it, we can'not change it, nor modify the obligations that grow out of it. The defendant never undertook to'pay the. $1,000 *85 covered by the note in suit (the fourth of the series), till the defendants in the former suits were put in possession of the release. The condition which the court attempted to impose upon the entry of judgment, did not meet the difficulty.
Whether the release was ever exhibited to the court, or delivered to defendant, does not appear, and it is immaterial in this case whether it was or not. It is sufficient to say, that the defendant had not become liable, accbrding to the terms of the contract, when the action was commenced.
It remains only to be considered whether the plaintiff became a bona fide holder of the note for value, so as to cut off the defense. According to the plaintiff’s testimony, the notes were passed to bim by James J. A. Bruce as part payment on account of moneys previously loaned. No security was given up, nor did the plaintiff surrender any right of action against his debtor. It does not appear how James Bruóe acquired title, individually, to the note; but, conceding that he had such title, and could transfer the note to this plaintiff, he was one of the plaintiffs in the actions above named, as trustee, and was a party to the contract of which the note formed a part, and therefore held it subject to the defense above pointed out, and as the plaintiff did not part with value, he took the note subject to the defense which affected it before the transfer to him.
The rule which seems to be supported by the consent of authorities, is thus stated by Abbott, in his new Digest: “The holder of commercial paper, who has received it for any antecedent debt, either as a security for payment, or as a nominal payment, without parting with any security, property, or other thing of legal value, or giving any new consideration, is not a holder for any valuable consideration.”
In Turner v. Treadway (53 N. Y. 650), the court of *86 appeals held, that where a note was passed in payment of a precedent debt, before maturity, the person so receiving it “was not a bona fide holder within the uniform decisions from Coddington v. Bay (20 Johns. 637) and Weaver v. Barden (49 N. Y. 286), and that the note was therefore subject, in his hands, to any legal or equitable defense which existed against it in the hands of the payee.”
It follows, from these views, that a verdict should have been directed for the defendant, instead of the plaintiff.
Judgment reversed, and new trial granted, with costs of appeal to the appellant to abide the event.
McCue, J., concurred.